Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| NANNELL WOLFE, an Individual,<br><br>    Plaintiff,<br><br> v.<br><br>ASANTE, dba ASANTE HEALTH SYSTEM, a corporation,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES (EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $150,000<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff NanNell Wolfe, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, NanNell Wolfe, lives in Josephine County, Oregon. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon. Plaintiff exhausted her

administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about September 26, 2023.

2.

At all times material to this Complaint, Plaintiff was a resident of Josephine County, Oregon.

3.

At all times material to this Complaint, Defendant Asante was regularly conducting business in the State of Oregon, specifically at the Asante Three Rivers Medical Center in Grants Pass, Oregon.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

5.

Plaintiff worked without incident for approximately twenty-three (23) years in various positions, including for the last five years as an Executive Assistant at Defendant's facility. When the pandemic began, Plaintiff was required to wear a surgical mask, which then changed to wearing a N95 mask for her entire shift. Throughout her employment, Plaintiff was a top performer who received promotions and pay raises regularly and was given over one hundred "values in actions," which are written compliments from patients and coworkers.

6.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities. Plaintiff was exposed to the harsh realities of the

pandemic on a day-to-day basis, including the risk that she may become infected with the virus.

7.

Despite those risks, Plaintiff continued to provide an exceptional quality of work for Defendant. Like so many health care workers during the pandemic, Plaintiff adjusted her life to best ensure the safety of herself and her colleagues. Plaintiff did so with little thought to her own self because of her dedication to her work and to the Defendant's patients.

8.

For eighteen months, Plaintiff scrupulously followed hospital rules and regulations to protect against infection, which included the wearing of personal protective equipment (herein, "PPE"), hand-washing and other hygiene protocols, social distancing when possible, and quarantining when necessary.

9.

Plaintiff has severe allergies to the flu vaccination and was strongly advised by her physicians not to get vaccinated.

10.

Until the COVID-19 pandemic unfolded, Plaintiff's inability to be vaccinated, due to a likely adverse medical reaction, had not caused a conflict with her work requirements.

11.

In the summer of 2021, Defendant announced it would be implementing and enforcing a COVID-19 vaccine mandate in the workplace. Plaintiff was informed that those individuals with medical conditions in conflict with the vaccine and/or to the taking of the vaccine could apply for medical exceptions.  On or about July 29, 2021, Plaintiff filed the formal paperwork for a medical exception.

12.

Plaintiff's requested medical exemption was accepted and on October 5, 2021, she was sent home to work remotely. On November 10, 2021, Plaintiff was informed that as of December 31, 2021, she would be put on unpaid leave, as her position was moving back to the office. Plaintiff was devastated that after almost twenty-three years with Asante, she would have no job title and no income. Plaintiff suffered from extreme stress, sadness, depression, and anxiety, and received medication and a referral to counseling. She was placed on medical leave on November 24, 2021. On February 27, 2022, she was placed on-call for an Executive Assistant position but was still not allowed to return to Defendant's facility as she was unvaccinated. With this change, she lost her employee benefits, including medical, dental and vision insurance, life insurance, retirement contributions and vacation/sick time accruals. Plaintiff was asked to return her work from home equipment.

13.

Plaintiff was forced to file for unemployment, which was initially denied as Asante incorrectly stated that she was still employed and had a return-to-work date. Plaintiff was able to obtain other employment, but with less pay and no benefits. Plaintiff eventually returned to work for Asante in November 2022, when she was allowed to return to the premises.

14.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, Plaintiff's unvaccinated status suddenly created an unacceptable health and safety risk necessitating her being placed on unpaid administrative leave, especially as she had successfully worked from home for three months.

15.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff were not to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory against Plaintiff based on her medical condition and retaliation for her inability to be vaccinated. There were reasonable accommodations available to the Defendant it failed to pursue that would not have caused it to be encumbered with an undue burden. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

16.

Because of the Defendant's unlawful adverse employment actions against Plaintiff, Plaintiff has suffered significant economic loss and profound emotional distress.

**FIRST CLAIM FOR RELIEF**
**(Unlawful Employment Discrimination Based on Disability**
**in Contravention of Or. Rev. Stat. § 659A.112)**

17.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

18.

Plaintiff is a member of a protected class on the basis of her medical condition because she is unable to submit to a COVID-19 vaccine, due to an imminent threat to her life.

19.

Defendant failed to make a good faith effort to accommodate Plaintiff's medical exception. It would not have been an undue burden to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate, or to have continued to allow her to work remotely.

20.

Instead of finding reasonable accommodation or a set of accommodations for her medical exception, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff being placed on unpaid administrative leave, and effective termination. The unlawful discrimination against Plaintiff' by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

21.

As a result of Defendant's violation of O.R.S. 659A.112, Plaintiff incurred economic and non-economic damages of no less than $150,000.00 in economic damages, or an amount to be determined at trial for wage and benefit loss, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

**SECOND CLAIM FOR RELIEF**
**(Unlawful Discrimination in Contravention of American Disabilities Act**
**42 U.S.C. §12101 et seq.)**

22.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

23.

Plaintiff is a member of a protected class due to a medical condition that causes life-threatening reactions to vaccines, which became mandated during the COVID-19 pandemic. As a result of the mandate, and Defendant's actions in prohibiting Plaintiff from working, Plaintiff was unable to work, causing emotional trauma and anxiety.

24.

When Plaintiff informed Defendant of her medical concerns regarding the COVID-19 vaccine, the Defendant initially provided accommodation to work remotely, but then took this

position away. Defendant failed to make a good faith effort to accommodate Plaintiff. It would not have been an undue burden to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, or to continue to work remotely, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

25.

Instead of finding reasonable accommodation or a set of accommodations for her medical status, the Defendant engaged in a series of adverse employment actions culminating in placing Plaintiff on unpaid administrative leave. The unlawful discrimination against Plaintiff's medical disability (and resulting anxiety) by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

26.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial for economic and non-economic damages of no less than $150,000.00, or in an amount to be determined at trial for wage and benefit loss, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $150,000.00.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 13th day of November 2023.

                JANZEN LEGAL SERVICES, LLC

                By /s/ Caroline Janzen
                Caroline Janzen, OSB No. 176233
                caroline@ruggedlaw.com
                Attorney for the Plaintiff